IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**THADDEUS L. JARVIS**     **PLAINTIFF**

v.     **No. 3:20CV164-NBB-RP**

**UNKNOWN VERGERA, ET AL.**     **DEFENDANTS**

**ORDER *GRANTING* PLAINTIFF'S MOTIONS [62], [63], [64]
TO ALTER OR AMEND JUDGMENT**

This matter comes before the court on the plaintiff's motion for reconsideration of the court's March 29, 2022, memorandum opinion and final judgment granting summary judgment to the defendants and entering judgment in favor of the defendants. The court interprets the motion, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion to amend judgment under Fed. R. Civ. P. 59(e), which must be filed within 28 days of entry of judgment. An order granting relief under Rule 59(e) is appropriate when: (1) to correct manifest errors of fact or law upon which the judgment is based, (2) the availability of newly discovered evidence that was previously unavailable, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law. *Benjamin Moore & Co. v. Borden*, 318 F.3d 626, 629 (5th Cir. 2002).

The plaintiff brought the instant suit under 42 U.S.C. § 1983, which provides a cause of action against a person who, under color of state law, deprives another of any rights, privileges or immunities secured by the Constitution and laws of the United States. *See* 42 U.S.C. § 1983. The plaintiff alleges that Tallahatchie County Correctional Facility ("TCCF") staff failed to issue him more than one prison uniform, deprived him of a breakfast tray on a single occasion, served food inconsistent with the menu on one occasion, did not provide him with a grievance form

upon his verbal request on one occasion, and did not respond to the grievances he submitted. Doc. 1.

The defendants sought summary judgment in this case; the plaintiff did not respond to the motion, and the court granted summary judgment in favor of the defendants. The plaintiff argues that he never received a copy of the defendants' motion for summary judgment and thus could not respond to it. He states that the Inmate Legal Assistance Program ("ILAP") is required to log any incoming or outgoing legal mail, and there is no record of ILAP receiving such notice on his behalf. He did not, however, produce the ILAP mail log to substantiate this claim. According to the plaintiff, he did not discover that the defendants had filed such a motion until he received the court's memorandum opinion and final judgment granting it. Thus, the plaintiff argues that due process requires the court to vacate the opinion and judgment – and provide him with the opportunity to respond to the defendants' motion. The only ground for relief under Rule 59 which may be applicable to the present case is to prevent manifest injustice.

The defendants argue that the alleged lack of notice[1] to Mr. Jarvis constitutes, at most, harmless error, as he has not presented evidence sufficient to support any ground for relief under Rule 59. *See Crooks v. Thomas*, 78 Fed. App'x 981, 982-83 (5th Cir. 2003) (after entry of summary judgment for the defendants, the plaintiff's allegation that he did not receive notice of the defendants' motion for summary judgment constituted harmless error, as the non-movant did not produce any additional evidence – or did not produce additional evidence sufficient to create a genuine issue of material fact).

The court entered judgment in favor of the defendants in this case because:

---

[1] Both the motion for summary judgment and its accompanying memorandum contain the requisite Notice of Service.

  (1) The plaintiff failed to exhaust administrative remedies;

  (2) The plaintiff failed to allege that any individual defendant was personally involved in the incidents giving rise to the suit;

  (3) The plaintiff's claim of verbal abuse does not rise to the level of a valid claim under 42 U.S.C. § 1983;

  (4) An official's mere participation in the grievance process does not give rise to the level o of a § 1983 claim; and

  (5) The plaintiff's allegations regarding general conditions of confinement (missing a single meal, receiving inadequate portions of food one time, and receiving only one prison uniform) amount to, at most, discomfort or inconvenience, which do not state a valid claim under the Eighth Amendment.

Docs. 58, 59.

In this case, the plaintiff sent his motions challenging the court's judgment at the same time he sent his acknowledgments that he received the memorandum opinion and final judgment. Though he has not provided evidence to support his allegation that he did not receive a copy of the summary judgment motion and accompanying memorandum, his immediate challenge to the judgment supports the allegation. In addition, the recent pandemic has caused many delays in the mail of late, another fact supporting the plaintiff's claim that he did not receive a copy of the defendants' motion. For these reasons, the court will give the plaintiff the opportunity to respond to the defendants' motion for summary judgment.

The plaintiff's motions [62], [63], [64] to alter or amend judgment under Fed. R. Civ. P. 59(e) are, therefore, **GRANTED**. The court's memorandum opinion and final judgment are **VACATED**, and the Clerk of the Court is **DIRECTED** to **RETURN** this case to the court's

active docket. Further, the Clerk of the Court is **DIRECTED** to **REINSTATE** the defendants' motion [46] for summary judgment. The plaintiff's **DEADLINE** to respond to the motion [46] is 21 days from the date of this order.

**SO ORDERED**, this, the 10th day of August, 2022.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE